IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES MONROE DAILEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 4:22-CV-00139-CDL-MSH |
| | : | |
| CORRECT X PHARMACY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff James Monroe Dailey, an inmate most recently confined in the Rutledge State Prison in Columbus, Georgia, has filed a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* (ECF No. 2). For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, but it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### MOTION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Because it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the

prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.   **Directions to Plaintiff's Custodian**

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is incarcerated. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from

Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### II.     Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW

### I.     Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010);

*Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

4

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

**II.    Factual Allegations**

Plaintiff's claims arise from his treatment at the Rutledge State Prison ("RSP"). Compl. 5, ECF No. 1. On or about September 9, 2021, Plaintiff asked Defendant Grey, a nurse, if he had been receiving all his medication because he had been experiencing "serious anxiety attacks." *Id.* Defendant Grey showed Plaintiff the blister pack for his medication, which was labeled "Buspar 30 mg 2x a day," and gave Plaintiff his medication. *Id.*

Approximately a week later, on September 16, 2021, Plaintiff asked another nurse, Defendant Jackson, whether he had been getting his Buspar because he continued to experience severe anxiety. Compl. 5, ECF No. 1. Defendant Jackson also showed Plaintiff the blister pack labeled "Buspar 30 mg," and she gave Plaintiff the medication. *Id.* at 5-6. During evening pill call, Plaintiff asked Defendant Grey to double check his medication because Plaintiff "was having serious anxiety attacks and serious bowel problems." *Id.* at 6. Defendant Grey again showed Plaintiff the blister packs labeled "Buspar 30 mg 2x a day." *Id.* Plaintiff, however, became "argumentative" because of his symptoms. *Id.* Another nurse, Mrs. Hurt, looked over to see the cause of the commotion. *Id.* When Mrs. Hurt looked at the blister pack marked "Buspar," she observed that the medication had been mislabeled. *Id.* Instead of Buspar—an antianxiety medication—Plaintiff had been

5

given Dulcolax, a laxative. *Id.* at 6-7. Plaintiff subsequently put in a sick call regarding his bowel issues, and Defendant Jackson explained that his symptoms were caused by being given "strong laxative[s]," but they "should clear up in a few days." *Id.* at 7. Plaintiff contends that Defendants' failure to give him the proper medication violated his constitutional rights, and he also alleges that Correct X Pharmacy, which apparently supplies medications to Rutledge State Prison, violated his constitutional rights by improperly labeling his medication. *See id.* at 8. As a result of these alleged constitutional violations, Plaintiff seeks compensatory damages and injunctive relief. *Id.*

### III. Plaintiff's Claims

Plaintiff's allegations could give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need*"* and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the

6

need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). "In either case, 'the medical need must be one that, if left unattended, poses a substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

In this case, Plaintiff had "severe anxiety" for which he had been prescribed medication. This condition could constitute a serious medical need.[1] Plaintiff, however, has not pleaded facts sufficient to show that Defendants were deliberately indifferent to that need. Plaintiff contends that each time he complained about his anxiety, Defendants checked his medication and provided it to him; he does not allege any facts tending to show that Defendants knew his medication was mislabeled and provided it to him anyhow.[2] At most, Defendants' delay in discovering the mislabeled medication may have been negligent, but merely "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993). Indeed, even medical malpractice does not amount to deliberate indifference. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011)

---

[1] Plaintiff also mentions that he experienced "explosive" diarrhea, Compl. 6, ECF No. 1, but Defendant Jackson responded to Plaintiff's sick call complaining about that issue and explained that his symptoms would "clear up in a few days," *id.* at 8. Thus, Plaintiff has failed to plead facts sufficient to show that this was a serious medical need or that Defendants were deliberately indifferent to it.

[2] In response to the question, "List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened[,]" Plaintiff states that several individuals, including Defendants Grey, Jackson, and Wilson "knew about the mislabeled medication." Compl. 8, ECF No. 1. But nowhere in the body of the Complaint does Plaintiff allege that any individual knew that the medication was mislabeled until Mrs. Hurt noticed the mistake. The Court thus presumes that Plaintiff listed these individuals as having knowledge of his claims, not knowledge that the medication was mislabeled at the time they provided it to him.

(holding that a prison official's response to an inmate's serious medical need must be "poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis and treatment, or even medical malpractice actionable under state law" to rise to the level of deliberate indifference (internal quotation marks omitted)). Plaintiff similarly fails to allege any facts showing that Defendant Correct X Pharmacy—the entity that Plaintiff suggests mislabeled the medication—was anything more than negligent. Plaintiff has therefore failed to state an actionable constitutional claim, and his Complaint should be dismissed.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, but the undersigned finds that Plaintiff's Complaint, as pleaded, fails to state a claim upon which relief may be granted. It is therefore **RECOMMENDED** that Plaintiff's claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions

to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 14th day of October, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE