IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES MONROE DAILEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 4:22-CV-00139-CDL-MSH |
| | : | |
| CORRECT X PHARMACY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff James Monroe Dailey has timely filed Objections to the October 14, 2022, Order and Recommendation recommending dismissal of Plaintiff's claims without prejudice (ECF No. 8). Plaintiff's objections will be liberally construed as a motion to amend his Complaint and granted. *See Newsome v. Chatham Cnty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) (per curiam). The undersigned has now conducted a preliminary screening of Plaintiff's claims, "as amplified by the new factual allegations in [Plaintiff's] objections to the recommendation," and accordingly **WITHDRAWS** the October 14, 2022, Order and Recommendation (ECF No. 4). For the reasons discussed below, Plaintiff's deliberate indifference claims against Defendants Wilson, Grey, "medical nurse" Jackson, and "pill call nurse" Jackson shall proceed for further factual development, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.**

**PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT**

**I.     Standard of Review**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the

speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

**II.    Factual Allegations**

Plaintiff's claims arise from his treatment at the Rutledge State Prison ("RSP"). Compl. 5, ECF No. 1. Plaintiff suffers from anxiety and was accordingly prescribed the anti-anxiety medication Buspar. Objs. 2, ECF No. 8. On or about September 9, 2021, Plaintiff began "repeatedly" asking Defendants Grey and Ms. Jackson—the pill call nurses—to check whether he had been receiving his prescribed medication because he was experiencing "extreme anxiety" and "suicidal thoughts." *Id.* Plaintiff also states that he was suffering from "explosive dirria [sic]" during this period. *Id.* Each time Plaintiff

3

asked the "pill call nurses" Defendants Grey and Ms. Jackson about his medication, they showed him the blister pack labeled "Buspar 30 mg 2x a day" and gave Plaintiff his medication. *See id.*

Plaintiff contends that for approximately the next ten days, he "complained repeatedly of mental health issues and his medical issues daily to both the mental health nurse Mrs. Wilson and to the medical nurse Mrs. Jackson, and the pill call nurses Mrs. Grey and Ms. Jackson." Objs. 3-4, ECF No. 8. These individuals "denied the Plaintiff's complaints" and continued to provide him medication from the blister pack labeled "Buspar 30 mg 2x a day." *Id.* Plaintiff also sought treatment from his psychiatrist and his medical doctor during this period, but he apparently did not receive any treatment. *See id.* at 3.

During evening pill call on or about September 16, 2021, Plaintiff again asked Defendant Grey to check his medication because Plaintiff "was having serious anxiety attacks and serious bowel problems." Compl. 6, ECF No. 1. Defendant Grey again showed Plaintiff the blister packs labeled "Buspar 30 mg 2x a day." *Id.* Plaintiff, however, became "argumentative" because of his symptoms. *Id.* Another nurse, Mrs. Hurt, looked over to see the cause of the commotion. *Id.* When Mrs. Hurt looked at the blister pack marked "Buspar," she observed that the medication had been mislabeled. *Id.* Instead of Buspar, Plaintiff had been given Dulcolax, a "strong laxative." *Id.* at 6-7. Plaintiff subsequently put in a sick call regarding his bowel issues, and Defendant Jackson explained that his symptoms "should clear up in a few days." *Id.* at 7. Plaintiff contends

4

that Defendants' failure to give him the proper medication despite his repeated complaints violated his constitutional rights, and he also alleges that Correct X Pharmacy, which apparently supplies medications to Rutledge State Prison, violated his constitutional rights by improperly labeling his medication. *See id.* at 8. As a result of these alleged constitutional violations, Plaintiff seeks compensatory damages and injunctive relief. *Id.*

### III. Plaintiff's Claims

Plaintiff's allegations could give rise to claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. *See Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). To show that a state actor was deliberately indifferent to his serious medical needs, "a plaintiff must satisfy both an objective and a subjective inquiry." *Id.* at 1243. A plaintiff must first "set forth evidence of an objectively serious medical need" and then prove that the defendant "acted with an attitude of 'deliberate indifference' to that serious medical need." *Id.* In other words, the defendant must both "know of and then disregard an excessive risk to the prisoner." *Dunn v. Martin*, 178 F. App'x 876, 877 (11th Cir. 2006) (per curiam). For purposes of this analysis, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow*, 320 F.3d at 1243 (internal quotation marks omitted). A serious medical need can also arise if "a delay in treating the need worsens the condition." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1307 (11th Cir. 2009). "In either case, 'the medical need must be one that, if left unattended, poses a

substantial risk of serious harm.'" *Id.* (quoting *Farrow*, 320 F.3d at 1243).

In this case, Plaintiff had "severe anxiety" for which he has been prescribed medication. This condition could constitute a serious medical need.[1] Plaintiff has now alleged that he complained repeatedly that the medication he was provided was not alleviating his severe anxiety and that it was also causing him significant bowel distress. Despite his repeated complaints, Defendants Wilson, Grey, "medical nurse" Jackson, and "pill call nurse" Jackson did not investigate whether Plaintiff was actually receiving medication appropriate to treat his complaints.[2] Although it is a close call, the Court cannot say at this early stage that these claims are necessarily frivolous. *See*, *e.g.*, *Bowers v. Milwaukee Cnty. Jail Med. Staff*, 52 F. App'x 295, 288-89 (7th Cir. 2002) (per curiam) (reversing dismissal on preliminary screening of claims that inmate repeatedly received medication intended for inmate with similar name and notified jail officials of the mix-up; noting that "[u]nwitting ingestion of prescription drugs that are not medically indicated is not a risk inherent in prison life, nor one that the general population would willingly accept"). These claims shall therefore proceed for further factual development.

---

[1] Plaintiff also mentions that he experienced "explosive" diarrhea, Compl. 6, ECF No. 1, but Defendant Jackson responded to Plaintiff's sick call complaining about that issue and explained that his symptoms would "clear up in a few days," without additional treatment. *Id.* at 8. Thus, Plaintiff has failed to plead facts sufficient to show that this was a serious medical need or that Defendants were deliberately indifferent to it.

[2] Plaintiff concedes that Defendants may have been merely negligent if, as the facts in his original Complaint suggested, he had made only two requests, several days apart, to check his medication. Plaintiff instead contends that it is Defendants' failure to respond to his frequent, repeated complaints that rises to the level of deliberate indifference. Objs. 3, ECF No. 8.

Plaintiff has not, however, alleged facts sufficient to state a claim against Defendant Correct X Pharmacy. A private contractor who operates a prison service may be held liable under § 1983 if the alleged constitutional deprivation occurred as a direct result of the contractor's official policies or customs. *See Flakes v. Donald*, No. CV507-97, 2008 WL 3925177, at *1 (S.D. Ga. May 15, 2008) (citing *Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003); *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978)); *and Harvey v. Harvey*, 949 F.2d 1127, 1129-30 (11th Cir. 1992)). *See also Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality). In this case, however, Plaintiff has not alleged that Correct Health maintained any policy or custom that resulted in the denial of Plaintiff's constitutional rights or alleged any other facts that could suggest that Correct X Pharmacy acted more than negligently by mislabeling Plaintiff's medication on this single occasion. Plaintiff has therefore failed to state a claim upon which relief may be granted as to Correct X Pharmacy, and any claims against that entity should be dismissed. *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993) (holding that "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property"); *see also Craig v. Floyd Cnty.*, 643 F.3d 1306, 1310 (11th Cir. 2011) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality.") (internal quotation marks omitted).

**IV.    Conclusion**

Based on the foregoing, Plaintiff's deliberate indifference claims against Defendants Wilson, Grey, "medical nurse" Jackson, and "pill call nurse" Jackson shall proceed for further factual development, but it is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional claims against Defendants Wilson, Grey, "medical nurse" Jackson, and "pill call nurse" Jackson, it is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. All Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to

waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. All Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the

unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is

contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed **TWENTY-FIVE (25)** to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed **TEN (10)** requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed **FIFTEEN (15)** requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one-hundred-and-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED,** this 29th day of November, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE