IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES MONROE DAILEY, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | NO. 4:22-cv-139-CDL-MSH |
| | : | |
| Nurse GREY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER AND RECOMMENDATION**

Pending before the Court is Plaintiff's motion seeking to add Well Path Medical Services ("Well Path") as a defendant (ECF No. 56). The Court grants Plaintiff's motion to supplement his claims to assert a claim against, and to add, Well Path as a defendant. For the reasons which follow, however, the Court recommends Plaintiff's claim against Well Path be dismissed for failure to state a claim.

**BACKGROUND**

Plaintiff's claims arose out of his confinement at Rutledge State Prison ("RSP") in Columbus, Georgia. Compl. 3, ECF No. 1. Plaintiff suffers from anxiety and was prescribed the anti-anxiety medication Buspar. Objs. 2, ECF No. 8. On or around September 9, 2021, Plaintiff began "repeatedly" asking the pill call nurses—Defendants Grey and Jackson—to check whether he had been receiving his prescribed medication because he was experiencing "extreme anxiety" and "suicidal thoughts." *Id.* Plaintiff also alleges that he was suffering from "explosive dirria [sic]" during this period. *Id.* Each time Plaintiff asked the pill call nurses about his medication, they showed him the

blister pack labeled "Buspar 30 mg 2x a day" and gave him his medication. *Id.* Plaintiff repeatedly complained of his issues over the next ten days, but his complaints were denied, and he was continually given the blister pack Buspar medication. *Id.* at 3. On or about September 16, 2021, it was discovered that Plaintiff was being given Dulcolax, a "strong laxative" because the Buspar blister pack was mislabeled. Compl. 6-7.

The Court received Plaintiff's original complaint (ECF No. 1) on September 13, 2022. Upon initially screening Plaintiff's original complaint, the Court recommended that his original complaint be dismissed for failure to state any actionable constitutional claims. Order and R., Oct. 14, 2022, ECF No. 4. Plaintiff timely objected to the Court's recommendation of dismissal (ECF No. 8), after which the Court withdrew its October 14, 2022, recommendation, and conducted a new preliminary screening of Plaintiff's claims, "as amplified by the new factual allegations" in Plaintiff's objections. Order and R., Nov. 29, 2022, ECF No. 9. In its November 29, 2022, recommendation, the Court directed service be made on Defendants Stephanie Wilson, Nurse Grey, pill call nurse Jackson, and medical nurse Jackson, and recommended Plaintiff's remaining claims be dismissed. *Id.* As of the date of this Order, no Defendant has filed an answer or other responsive pleading. On October 12, 2023, the Court received Plaintiff's motion seeking to assert a claim against, and to add, Well Path as a defendant (ECF No. 56).

## **ORDER**

Because Plaintiff's motion seeks to add a party and a claim, it is governed both by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which addresses joinder of defendants, and Rule 15, which addresses amendment of pleadings.[1] *See Exime v. E.W. Ventures, Inc.*, 250 F.R.D. 700, 700 (S.D. Fla. 2008) (noting that a motion to amend to add a defendant is simultaneously governed by Rule 15(a) and Rule 20(a)). "A plaintiff seeking to join a putative defendant under Rule 20(a) must demonstrate: (1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2) some question of law or fact common to all persons seeking to be joined." *Id.* at 700-01 (citing Fed. R. Civ. P. 20(a)). In order for claims to arise from the same transaction or occurrence, they must bear a "logical relationship" to each other, which will be found to exist "if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." *Smith v. Trans-Siberian Orchestra*, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing *Republic Health Corp. v. Lifemark Hosp. of Fla.*, 755 F.2d 1453, 1455 (11th Cir.1985)).

Because Plaintiff's claim against Well Path arises out of the same events and there are arguably common questions of fact and law to those already asserted in this case, Plaintiff's motion (ECF No. 56) seeking to assert a claim against, and to add, Defendant Well Path is **GRANTED**.

---

[1] The Court assumes Plaintiff is entitled to amend his complaint as a matter of right.

**RECOMMENDATION**

Although the Court has allowed Plaintiff to supplement his complaint to add Well Path, the Court is still required by the Prison Litigation Reform Act ("PLRA") to conduct a preliminary screening of the claim against Well Path. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). *Pro se* pleadings, like Plaintiff's, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). The Court must, however, dismiss the claim if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). A purported claim fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

To state a claim to relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a

4

statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim, the claim is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

The entirety of Plaintiff's substantive argument for adding Well Path is his allegation it "employed several of the Defendants in this case and [] they failed to properly train Defendants Ms. Grey[,] pill call nurse[,] and Ms. Jackson pill call nurse."  Mot. 2, ECF No. 56.  When a private entity—like Well Path—contracts with a government "'to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state' and 'becomes the functional equivalent of'" the government under § 1983.  *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997)).  Importantly, "liability under § 1983 may not be based on the doctrine of respondeat superior."  *Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) (citations omitted). Liability against a municipality must be shown by identifying a "municipal 'policy' or 'custom' that caused" the injury.  *Id.* (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

To state a claim under § 1983, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'"  *Connick v. Thompson*, 563 U.S. 51, 61

(2011) (alteration in original) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).  Accordingly, a plaintiff asserting a claim for failure to train "must demonstrate that the supervisor had 'actual or constructive notice that a particular omission in their training program causes his or her employees to violate citizens' constitutional rights,' and, despite that knowledge, 'the supervisor chose to retain that training program.'" *Hardy v. Ga. Dep't of Corr.*, No. CV 117-172, 2019 WL 4670758, at *9 (S.D. Ga. Sept. 24, 2019) (quoting *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1052 (11th Cir. 2014)).

Importantly, the Supreme Court of the United States has cautioned that a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train."  *Connick*, 563 U.S. at 61.  In deciding that a § 1983 plaintiff may assert a claim alleging a municipality has failed to train its employees, the Supreme Court stressed that a plaintiff must show that a policy of failing to train municipal employees was the "moving force [behind] the constitutional violation."  *City of Canton*, 489 U.S. at 389 (alteration in original).  "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality" can a municipality be held liable under § 1983.  *Id.*  To hold otherwise "would result in *de facto respondeat superior* liability" which is not permitted under § 1983 claims.  *Id.* at 392.

Here, Plaintiff has failed to allege that Well Path had a policy or custom that caused his injuries, or that Well Path had actual or constructive notice that its training program's omission caused its employees to violate his rights.  Accordingly, Plaintiff's claim against Well Path is subject to dismissal for failure to state a claim.  *See Patton v. Rowell*, 678 F.

6

App'x 898, 901 (11th Cir. 2017) (per curiam) (affirming dismissal of failure to train claim under 28 U.S.C. § 1915A); *see also Jenkins v. Wilcher*, No. CV419-337, 2021 WL 5467027, at *4-5 (S.D. Ga. Oct. 22, 2021) (recommending dismissal of failure to train claim when conducting PLRA initial screening), *recommendation adopted by* 2021 WL 5456977 (S.D. Ga. Nov. 22, 2021); *Scott v. City of Mobile*, No. 17-143-CG-N, 2018 WL 3238599, at *6 (S.D. Ala. Jan. 23, 2018) (finding plaintiff's conclusory allegations, without pleading facts to show "what training was provided or how/why [it] was inadequate" failed to state a claim), *recommendation adopted by* 2018 WL 1172948 (S.D. Ala. Mar. 6, 2018).

## CONCLUSION

For the reasons explained above, it is recommended that Plaintiff's claim against Well Path be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within **FOURTEEN (14) DAYS** after being served with a copy hereof. Any objection should be no longer than **TWENTY (20) PAGES** in length. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 17th day of October, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE