IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES MONROE DAILEY, | : | |
| Plaintiff, | : | |
| VS. | : | Case No. 4:22-CV-139-CDL-MSH |
| Nurse GREY, *et al.*, | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER

Pending before the Court is Defendants Judy Jackson and Stephanie Wilson's motion to set aside default and for leave to file untimely answers, which was filed on November 2, 2023 (ECF No. 60). For clarity, Defendant Judy Jackson is "Medical Nurse Jackson" or "Judy Jackson" and together with Defendant Nurse Stephanie Wilson ("Wilson"), they are collectively "Nurse Defendants." Plaintiff also filed a motion for default judgment (ECF No. 63). For the reasons which follow, Defendants' motion is granted-in-part, and Plaintiff's motion is denied.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant "who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014). As a result, a motion made under Rule 55(c) seeking to set aside default is appropriate even if there is no formal

entry of default. *Id.* A court may set aside an entry of default for "good cause[.]" Fed. R. Civ. P. 55(c). "Good cause" is a

> mutable standard, varying from situation to situation, but factors for courts to consider include the following: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default. Courts should not find that good cause exists if the defaulting party demonstrates an intentional or willful disregard of the judicial proceedings. In light of the Eleventh Circuit's strong policy of determining cases on their merits, however, default judgments are generally disfavored.

*Bibb Cnty. Sch. Dist. v. Dallemand*, No. 5:16-CV-549 (MTT), 2019 WL 2492281, at *2 (M.D. Ga. June 13, 2019) (internal quotation marks and citations omitted).

Here, Judy Jackson was personally served with process by the United States Marshals Service on August 21, 2023 (ECF No. 54). Thus, Judy Jackson was required to file her answer within twenty-one days, which fell on September 12, 2023.[1] Fed. R. Civ. P. 12(a)(1)(A)(i). According to defense counsel, following personal service, Judy Jackson contacted the Macon and Columbus Divisions of the United States District Court for the Middle District of Georgia, and she was advised to seek counsel. Defs. Judy Jackson & Wilson Mot. to Set Aside 3, ECF No. 60. Thereafter, Judy Jackson contacted her employer, Wellpath, LLC, and counsel for her employer. *Id.* at 2-3. Counsel for Wellpath informed

---

[1] There is some confusion as to the two Defendant Jacksons, which the Court addresses further, *infra*. Counsel for Judy Jackson states that Defendant Medical Nurse Judy Jackson, rather than Defendant Pill Call Nurse Jackson, signed the waiver of service which is attributed to Pill Call Nurse Jackson on the docket. *See* Defs. Judy Jackson & Wilson Mot. to Set Aside n.1 and 3, ECF No. 60; Waiver, ECF No. 50. For the purposes of this Order, regardless of whether the Court considers Judy Jackson's motion based on waiver of service or personal service, the Court finds that setting aside default as to Defendant Medical Nurse Judy Jackson is appropriate for the reasons given in this Order.

2

Judy Jackson that Wellpath would "take care" of the lawsuit. *Id.* at 3. Judy Jackson understood Wellpath would retain counsel and handle the matter. *Id.* On October 16, 2023, defense counsel in this matter received the assignment of this action and began investigating this matter. *Id.* at 4. On October 23, 2023, Judy Jackson "promptly" returned defense counsel's phone call, and indicated she had no knowledge that defense counsel had not previously been retained. *Id.*

Plaintiff did not explicitly respond to the Nurse Defendants' motion to set aside. However, the Court construes—to the extent it can—Plaintiff's motion for default judgment as responses in opposition to the Nurse Defendants' motion. Pl.'s Mot. for Default J., ECF No. 63. In his motion, Plaintiff simply recounts the dates relevant to default against the Nurse Defendants, and requests entry of default judgment and requests a hearing as to damages. Pl.'s Mot. for Default J.

Regarding Judy Jackson, the Court finds she has shown good cause for setting aside the entry of default against her. It is apparent Judy Jackson's failure to timely answer was not willful, and her current counsel moved quickly to set aside the default. There also does not appear to be any—and Plaintiff has not shown any—prejudice that would result from setting aside the default against Judy Jackson.[2]

---

[2] Defendants also assert they have meritorious defenses against default. Defs. Judy Jackson & Wilson Mot. to Set Aside 8. However, the meritorious defense must be against the underlying claims asserted against the defendant. *See Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 121-22 (5th Cir. 2008). Regardless of this error, the Court finds that the remaining factors, particularly this Circuit's strong preference for deciding claims on their merits, counsels in favor of setting aside default.

Regarding Wilson, the Court finds Wilson is not in default. The waiver of service for Wilson was mailed on December 16, 2022. Wilson Waiver, ECF No. 27. Thus, under Federal Rule of Civil Procedure 4(d)(3), Wilson had until February 14, 2023, to file her answer or other responsive pleading. Wilson did not sign her waiver until February 22, 2023, however, and filed it on February 28, 2023. *Id.* This untimely attempt to waive service is a legal nullity, and as a result, Wilson has yet to be served and is not in default.[3] *See Bell v. Lamb*, No. 6:17-cv-12, 2018 WL 11317094, at *2 (S.D. Ga. Feb. 1, 2018).

Therefore, the Nurse Defendants' motion to set aside default and for leave to file untimely answers (ECF No. 60) is **GRANTED-in-part** and **DENIED-in-part**. Judy Jackson shall have **fourteen days** to file an answer or other responsive pleading. Wilson shall have **fourteen days** to file her answer. Should Wilson fail to file an answer within fourteen days, the Court will direct personal service be initiated and assess service costs in accordance with Rule 4(d)(2).

Accordingly, it is also **ORDERED** that Plaintiff's motion for default judgment (ECF No. 63) is **DENIED**. Judy Jackson has shown good cause for setting aside the default against her. Further, based on the foregoing and counsel's representations, the Court **VACATES-in-part** its Order for the entry of default as to Defendants Wilson and Pill Call Nurse Jackson (ECF No. 57). The Court finds Defendants Wilson and Pill Call Nurse Jackson have yet to be served, and as a result, default shall not be entered against

---

[3] In the alternative, even if Wilson's waiver is valid, and as a result Wilson is in default, the Court would grant Wilson's motion to set aside the default against her and permit Wilson to file an answer or other responsive pleading in conjunction with Judy Jackson.

Defendants Wilson and Pill Call Nurse Jackson at this time.

It is further **ORDERED** and **DIRECTED** that the Clerk of Court initiate service on the individuals identified by counsel as Josalin Jackson, LPN, and Kimberly Gray, RN. *See* Defs. Judy Jackson & Wilson Mot. to Set Aside n.1, ECF No. 60. The Clerk is also **DIRECTED** to modify the docket text for ECF No. 50 to reflect that Judy Jackson (Medical Nurse) filed the waiver of service at ECF No. 50.

**SO ORDERED AND DIRECTED**, this 11th day of January, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE