IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JAMES MONROE DAILEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | Case No. 4:22-cv-00139-CDL-AGH |
| | : | |
| RN KIMBERLY GRAY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER

Pending before the Court is Plaintiff's motion to appoint counsel (ECF No. 85). In relevant part, Plaintiff claims that appointed counsel is necessary because his case has become "very complicated[.]" Pl.'s Mot. to Appoint Couns. 8, ECF No. 85. Thus, he claims pursuing this case requires extensive legal training. *Id.* He acknowledges that he can follow court procedures, that he is not entitled to appointed counsel, and that he has access to a law library and computerized legal research systems, but he asserts that he has not been taught legal strategy. *Id.* at 8-9.

A district court "may request an attorney to represent any person unable to afford counsel."[1] 28 U.S.C. § 1915(e)(1). There is, however, "no absolute constitutional right to the appointment of counsel" in a § 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam). Appointment of counsel is "instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Id.* In determining whether a case presents extraordinary circumstances, the Court considers:

---

[1] The statute, however, does not provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989) (holding that federal courts may not "make coercive appointments of counsel" under § 1915).

> (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately presenting his case; (3) whether the plaintiff is in a position to adequately investigate the case; (4) whether the evidence "will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination"; and (5) whether the appointment of counsel would be of service to the parties and the court "by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." The District Court may also inquire into whether the plaintiff has made any effort to secure private counsel.

*DeJesus v. Lewis*, 14 F.4th 1182, 1204-05 (11th Cir. 2021) (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)).

The Court has considered Plaintiff's motion and—after applying the factors set forth above—concludes that appointed counsel is not justified. First, despite Plaintiff's claims of limited knowledge or experience in the law, he adequately presented his claims such that his claims survived frivolity screening, he was granted *in forma pauperis* status, and the Court ordered service on Defendants (ECF Nos. 4, 9). Second, Plaintiff has vigorously prosecuted his claims. Upon its original initial screening, the Court recommended dismissing his complaint (ECF No. 4). However, based upon Plaintiff's objection, the Court withdrew its recommendation of dismissal, and directed service on Defendants (ECF Nos. 8, 9). Finally, to the extent Plaintiff argues this case has become "very complicated[,]" the Court disagrees. Pl.'s Mot. to Appoint Couns. 8. Despite some challenges with identifying Defendants and obtaining service, this case was recently in discovery and proceeding accordingly. It thus appears to the Court that Plaintiff—at this time—has the ability to present his case to the Court. Should it subsequently become apparent that appointed counsel is necessary to protect Plaintiff's rights, the Court, on its own motion, will consider assisting him in securing legal counsel at that time. Accordingly, Plaintiff's motion to appoint counsel (ECF No. 85) is **DENIED**.

3

However, Plaintiff appears to have been unaware that this matter was previously in discovery. *Id.* at 11 ("Am I supposed to be in discovery in this case"). Construing Plaintiff's motion with the leniency due to *pro se* litigants, the Court interprets Plaintiff's motion as seeking to reopen and extend the discovery period. Finding good cause, the Court **REOPENS and EXTENDS** discovery in this matter by **sixty (60) days** from the date of this Order. Plaintiff should refer to the Court's Order directing service on Defendants for further guidance on proceeding with discovery. *See* Order, Nov. 29, 2022, ECF No. 9. Plaintiff is advised that any further requests for extending the discovery period must be timely filed, and he must show exceptional circumstances sufficient to justify further extensions.

**SO ORDERED**, this 1st day of July, 2024.

/s/ Amelia G. Helmick
UNITED STATES MAGISTRATE JUDGE